**IN THE COURT OF APPEALS OF IOWA**

No. 19-0521
Filed June 5, 2019

**IN THE INTEREST OF A.V.,**
**Minor Child,**

**T.V., Father,**
        Appellant.

_____


        Appeal from the Iowa District Court for Clay County, Andrew Smith, District

Associate Judge.



        A father appeals the termination of his parental rights.  **AFFIRMED.**



        John Flaten of Maahs & Walleck, Spirit Lake, for appellant father.

        Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant

Attorney General, for appellee State.

        Shawna L. Ditsworth, Spirit Lake, attorney and guardian ad litem for minor

child.



        Considered by Vogel, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

The child in interest was born in 2002; her parents were never married. In 2006, a stipulated custody decree was entered awarding the father physical care. According to his testimony, the father has been using methamphetamine "off and on" for sixteen years. His use of the substance has resulted in previous child-in-need-of-assistance (CINA) proceedings. In January 2018, a third round of CINA proceedings was initiated and the child was removed from the father's care as a result of his substance abuse. The father conceded in his testimony that there is a correlation between his substance abuse and the child's mental-health problems, a result of which has been the child's engagement in self-harming behavior.

Although the father participated in substance-abuse treatment during the proceedings, he relapsed after his discharge. At the termination hearing, the father testified he did not intend to reengage in treatment aimed at resolving his methamphetamine addiction. The father summarized his view on substance-abuse treatment as follows: "[S]ubstance abuse treatment is pointless. I mean, I've already done it three times. They're not going to teach me anything I don't know. They've already taught me the tools I need to go use to stay clean." However, the father has not stayed clean. The evidence shows the child, sixteen years of age at the time of the termination hearing, fears any possibility of being returned to her father's care and desires termination. Toward the end of the termination hearing, the father consented to termination.[1]

---

[1] On appeal, the father challenges the voluntariness of his consent to allow termination under Iowa Code section 232.116(1)(a) (2018). Given our analysis below, we need not address the claim.

The juvenile court ultimately terminated the father's parental rights under Iowa Code section 232.116(1)(a), (f), (k), and (*l*). The father now appeals, challenging the sufficiency of the evidence supporting the statutory grounds for termination cited by the juvenile court.[2] Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

As to termination under section 232.116(1)(f), the father only appears to challenge the State's establishment of the final element—that the child could not be returned to his care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4) (requiring clear and convincing evidence that the child cannot be returned to the custody of the child's parents at the present time); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). Upon our de novo review of the record, we conclude the State met its burden for termination. A child cannot be returned to a parent if the child would be at risk of an adjudicatory harm upon return. *See In re A.M.S.*, 419 N.W.2d 723, 725 (Iowa 1988). Continued methamphetamine use by a parent creates a risk of adjudicatory harm. *See* Iowa Code § 232.2(6)(n); *see, e.g.*, *In re T.B.*, No. 18-1139, 2018 WL 4361181, at *2 (Iowa Ct. App. Sept. 12, 2018). Furthermore, a no-contact order prohibiting the father from contacting the child, which was entered at the request of the child in response to threats made by the father, was still in effect at the time of the

---

[2] The father does not argue termination is not in the child's best interests or a statutory exception should be applied to avert termination. *See* Iowa Code § 232.116(2), (3). Thus, we need not address these steps in the three-step termination framework. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

termination hearing. We affirm the termination of the father's parental rights under Iowa Code section 232.116(1)(f). *See D.W.*, 791 N.W.2d at 707 ("On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence.").

**AFFIRMED.**